IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. _____** |
| ) | |
| APPLE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |

## **COMPLAINT**

Now comes Plaintiff Affinity Labs of Texas, LLC before this Court and alleges as its

complaint and petition for relief against Defendant Apple, Inc. for infringement of U.S. Patent

No. 7,187,947, U.S. Patent No. 7,440,772, and U.S. Patent No. 7,486,926 (collectively, the

"Patents-in-Suit") as follows:

### **PARTIES**

1.      Plaintiff Affinity Labs of Texas, LLC ("Affinity") is a Texas limited liability

corporation having offices at 3838 River Place Blvd., Austin, Texas 78730.

2.      Upon information and belief, Defendant Apple, Inc. ("Apple") is a California

corporation having its principal place of business located at 1 Infinite Loop, Cupertino, CA

95014.

3.      Apple designs, manufactures, offers to sell, markets, and/or sells the iPod, iPod

Touch and iPhone lines of consumer electronics products, mobile software applications, and

digital media content through retailers, Apple's website (www.apple.com) and its online music store which is accessible through the iTunes application and the iTunes mobile application.

## JURISDICTION AND VENUE

4.      These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent.  The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Apple.  Upon information and belief, Apple has transacted business in this judicial district and/or has committed, contributed to, and/or induced acts of patent infringement in this judicial district.

6.      Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT 1:  PATENT INFRINGEMENT OF THE '947 PATENT

7.      The allegations of paragraphs 1-6 are incorporated herein by reference.

8.      Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,187,947 ("the '947 Patent"), which issued on March 6, 2007 and is entitled "System and Method for Communicating Selected Information to an Electronic Device."  A copy of the '947 Patent is attached hereto as Exhibit A.

9.      On or about March 6, 2007, Affinity placed Apple on notice of the '947 Patent and the pendency of additional related patent applications covering Apple's activities.

10.     Upon information and belief, Apple has infringed and, if not enjoined, will continue to infringe one or more claims of the '947 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States hardware and software products that infringe one or more claims of the '947 Patent, in

violation of 35 U.S.C. § 271(a); (b) importing into the United States hardware and software products that infringe one or more claims of the '947 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '947 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '947 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '947 Patent").

11.     Apple's acts of infringement of the '947 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of the iPhone line of products and developing, maintaining, using, marketing, making available, offering to sell and selling software applications for the iPhone line of products through Apple's App Store mobile software application.

12.     Upon information and belief, Apple's acts of infringement have been willful.

13.     Upon information and belief, Apple will continue to infringe the '947 Patent unless enjoined by this Court.

14.     As a result of Apple's infringement, Affinity has suffered and will suffer damages.

15.     Affinity is entitled to recover from Apple the damages sustained by Affinity as a result of Apple's wrongful acts in an amount subject to proof at trial.

**COUNT 2:  PATENT INFRINGEMENT OF THE '772 PATENT**

16.     The allegations of paragraphs 1-15 are incorporated herein by reference.

17.     Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,440,772 ("the '772 Patent"), which issued on October 21, 2008 and is entitled "Audio System and Method."  A copy of the '772 Patent is attached hereto as Exhibit B.

18.     Upon information and belief, Apple has infringed and, if not enjoined, will continue to infringe one or more claims of the '772 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States hardware and software products that infringe one or more claims of the '772 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States hardware and software products that infringe one or more claims of the '772 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '772 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '772 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '772 Patent").

19.     Apple's acts of infringement of the '772 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of the iPhone and iPod Touch line of products and developing, maintaining, using, marketing, making available, offering to sell and selling digital audio through the iTunes software application on a personal computer and through the iTunes mobile software application on the iPhone and iPod Touch line of products.

20.     Upon information and belief, Apple's acts of infringement have been willful.

21.     Upon information and belief, Apple will continue to infringe the '772 Patent unless enjoined by this Court.

22.     As a result of Apple's infringement, Affinity has suffered and will suffer damages.

23.     Affinity is entitled to recover from Apple the damages sustained by Affinity as a result of Apple's wrongful acts in an amount subject to proof at trial.

## COUNT 3:  PATENT INFRINGEMENT OF THE '926 PATENT

24.     The allegations of paragraphs 1-23 are incorporated herein by reference.

25.     Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,486,926 ("the '926 Patent"), which issued on February 3, 2009 and is entitled "Content Delivery System and Method."  A copy of the '926 Patent is attached hereto as Exhibit C.

26.     Upon information and belief, Apple has infringed and, if not enjoined, will continue to infringe one or more claims of the '926 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States hardware and software products that infringe one or more claims of the '926 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States hardware and software products that infringe one or more claims of the '926 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '926 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '926 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '926 Patent").

27.     Apple's acts of infringement of the '926 Patent include manufacturing, using, marketing, offering for sale, and/or selling of the iPod, iPhone and iPod Touch line of products that can be integrated with a separate sound system and developing, maintaining, using, marketing, making available, offering to sell and selling digital audio through the iTunes software application on a personal computer that can be transferred to the iPod, iPhone and iPod Touch line of products.

28.     Upon information and belief, Apple's acts of infringement have been willful.

29.     Upon information and belief, Apple will continue to infringe the '926 Patent unless enjoined by this Court.

30.     As a result of Apple's infringement, Affinity has suffered and will suffer damages.

31.     Affinity is entitled to recover from Apple the damages sustained by Affinity as a result of Apple's wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, Affinity hereby demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, Affinity petitions this Court and requests that a judgment be entered and relief be granted as follows:

A.      Declaring that Apple has infringed the Patents-in-Suit as alleged herein (directly, by inducement, and/or contributorily);

B.      Declaring that Apple's acts of infringement of the Patents-in-Suit have been willful;

C.      Permanently enjoining, restraining, and prohibiting Apple, and any party acting through, for, or in concert with Apple from further infringing (directly, by inducement, or contributorily) any claim of the Patents-in-Suit;

D.      Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for each of Apple's acts of infringement of the Patents-in-Suit and/or any other injury suffered by Affinity due to Apple's acts of infringement of the Patents-in-Suit, including treble damages for Apple's willful infringement;

D.      Awarding to Affinity its costs; and

E.      Awarding to Affinity such other, further, or general relief as this Court may deem proper.

Respectfully submitted,

Dated:   March 24, 2009          By:   /s/   Thomas W. Sankey
                                        Thomas W. Sankey
                                        Lead Attorney
                                        TX Bar No. 17635670
                                        twsankey@duanemorris.com

                                        **Duane Morris LLP**
                                        3200 Southwest Freeway, Suite 3150
                                        Houston, TX  77027-7534
                                        Tel.: 713.402.3900
                                        Fax: 713.402.3901

                                        Of Counsel:

                                        L. Norwood Jameson
                                        wjameson@duanemorris.com
                                        Matthew C. Gaudet
                                        mcgaudet@duanemorris.com
                                        Stephanie A. Hansen
                                        sahansen@duanemorris.com
                                        Duane Morris LLP
                                        1180 West Peachtree Street, Suite 700
                                        Atlanta GA  30309-3448
                                        Tel:  404.253.6900
                                        Fax:     404.253.6901

                                        Brian McQuillen
                                        bmcquillen@duanemorris.com
                                        Duane Morris LLP
                                        1540 Broadway
                                        New York, NY 10036-4086
                                        Tel.: 212.692.1000
                                        Fax: 212.692.1020

                                        ATTORNEYS FOR PLAINTIFF
                                        AFFINITY LABS OF TEXAS