IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY LABS OF TEXAS,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | No. 09-04436 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY |

Defendant Apple Inc. moves for an order to stay the case pending the final outcome of the inter partes re-examination by the U.S. Patent Office (USPTO) of the patents at issue in this case. Plaintiff Affinity Labs of Texas, LLC opposes the motion. Having considered all of the papers filed by the parties, the Court denies Apple's motion.

BACKGROUND

In March, 2009, Affinity sued Apple in the Eastern District of Texas for infringing three patents: U.S. Patent Nos. 7,187,947 ('947 Patent), 7,440,772 ('772 Patent) and 7,486,926 ('926 Patent). On August 25, 2009, the district court in Texas granted Apple's motion to transfer the case to this district under 28 U.S.C. § 1404(a). On November 13, 2009, Apple filed requests for inter partes reexamination of each of the three patents-in-suit. On

February 10, 2010, the USPTO granted Apple's request for an <u>inter partes</u> reexamination of all three patents-in-suit.

## DISCUSSION

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." <u>Ethicon, Inc. v. Quigg</u>, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending reexamination of a patent, a stay for purposes of reexamination is within the district court's discretion. <u>See, e.g.</u>, <u>Patlex Corp. v. Mossinghoff</u>, 758 F.2d 594, 603 (Fed. Cir. 1985). One court in this district has noted that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of reexamination proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. <u>ASCII Corp. v. STD Entm't USA, Inc.</u>, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay a case pending reexamination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. <u>In re Cygnus Telecomm. Tech., LLC Patent Litig.</u>, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). On balance, the factors here weigh against a stay.

No discovery has taken place, no trial date has been set and the parties have not even appeared in Court for their initial case management conference.  The only activity in this case has been that related to Apple's motion to transfer from the Eastern District of Texas to this Court.  Thus, this factor weighs in favor of a stay.

Staying the case may simplify the issues in question and the trial of the case because all patents-in-suit are before the USPTO, and patents rarely emerge from <u>inter partes</u> reexaminations unchanged.  According to statistics published by the USPTO on December 31, 2009, fifty-one percent of all <u>inter partes</u> reexamination proceedings have resulted in all claims being cancelled and, in forty-one percent of the examinations, the patentee was forced to modify the claims.  Thus, ninety-two percent of all <u>inter partes</u> reexamination proceedings have resulted in either a cancellation or modification of the claims.

Moreover, because an <u>inter partes</u> re-examination permits third-parties to participate in the reexamination process, a participating defendant will be estopped from asserting the invalidity of any claim of the patents-in-suit on any ground which it raised or could have raised during the inter partes reexamination proceeding.  35 U.S.C. § 315(c).  Thus, even if a patent-in-suit emerges from the reexamination unchanged, Apple will be estopped from raising as invalidating art the same prior art it raised with the USPTO in the <u>inter partes</u> proceeding.  Therefore, it is likely that the <u>inter partes</u> reexamination will at least streamline this case.  On the other hand, it is also likely that

3

not <u>all</u> of the issues regarding the patents in question before this Court will necessarily be resolved in the reexamination proceeding. Accordingly, this Court will likely have to adjudicate the infringement and validity of at least some patent claims. Thus, this factor does not weigh in favor of either party.

Finally, the Court addresses whether entering a stay in this case will unduly prejudice and present a clear tactical advantage to the non-moving party, Affinity. Affinity argues that the delay which would result from the reexamination will be prejudicial. As of December 31, 2009, the average length of an <u>inter partes</u> reexamination is 36.2 months. The average length of delay is likely to increase considering the steady rise in the number of reexaminations filed in the past several years. Gaudet Decl., Exh. 16. Moreover, if either party appeals the determination from the reexamination, the delay will likely extend another three years. <u>Id.</u> These delays must be considered in the context of the delay already present in this case. Affinity sued Apple in March, 2009 and in August, 2009, Apple successfully transferred this case to the Northern District of California because of the convenience of trying the case here as opposed to the Eastern District of Texas. Apple then waited until November, 2009 to file its request for an <u>inter partes</u> reexamination and, once that request was granted in February, 2010, it waited another seven weeks to file the instant motion to stay. Overall, these significant delays weigh heavily against granting the stay.

Affinity asserts that its business will be harmed by the stay because it will not be able to enforce and license its patents

4

until the litigation is resolved.  Moreover, further delay will only increase the likelihood of loss of evidence.  See <u>Telemac Corp. v. Teledigital, Inc.</u>, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (concluding that staying the case could lead to "further loss of information" and a "tactical advantage.").  After balancing this uncertainty with the current stage of the proceeding, the potential delay would likely prejudice Affinity.  In sum, the three factors weigh against granting Apple's motion to stay the proceeding.

## CONCLUSION

For the foregoing reasons, the Court denies Apple's motion to stay the present case pending the <u>inter partes</u> re-examination. Docket No. 49.  The Court grants Affinity's motion for leave to file a declaration in opposition to Apple's motion to stay.  Docket No. 67.

IT IS SO ORDERED.

Dated: 04/29/10

CLAUDIA WILKEN
United States District Judge