IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC., a Texas Limited Liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC., a California Corporation,,<br><br>    Defendant and<br>    Counterclaim-Plaintiff.<br>_____/ | No. C 09-04436 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE (DOCKET NO. 79) |

Affinity Labs of Texas, LLC (Affinity) initiated the present lawsuit, alleging that certain Apple, Inc. products infringe three of its patents. Affinity moves in limine for an order that deposition testimony of three third-party witnesses taken in a prior action satisfy the requirements of admissibility pursuant to Federal Rule of Evidence 804(b)(1). Docket No. 79. Defendant and Counterclaim-Plaintiff Apple, Inc. (Apple) opposes the motion. Having considered all of the parties' submissions, the Court DENIES Affinity's motion.

BACKGROUND

In an earlier action Affinity sued BMW North America, LLC, and various car companies. Three witnesses, James Geier, Alan

Harris and Gregory Simon, all BMW employees, were deposed in connection with that litigation.  The BMW case involved patents different from, but related to, the three patents disputed in the present action.  When Apple was subpoenaed as a non-party in the BMW action it asserted a joint defense privilege with the defendants in that action.  However, Apple was not a party to the BMW case, and did not receive notice of or attend the depositions of the three BMW employees.

## DISCUSSION

"Rather than reinvent the wheel," Affinity seeks to introduce testimony from the three depositions at the trial in the present action.  Federal Rule of Evidence 804(b)(1) provides that former testimony is not excluded by the hearsay rule if the declarant is unavailable as a witness, and the testimony was given,

> in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Thus, to qualify for the hearsay exception under Rule 804(b)(1), the proponent of the evidence must first establish the witness's unavailability.  In its opening brief, Affinity states, "Each of these three witnesses likely will be 'unavailable' at trial under Fed. R. Evid. 804(a)."  Affinity provides no further explanation in its brief to establish the witnesses' unavailability, but states that their availability will not be known for certain until September, when the trial is scheduled.  In apparent acknowledgement that it has not, thus far, established the witnesses' unavailability, Affinity narrows its request in its

2

reply brief. There Affinity clarifies that it requests only a ruling that Apple cannot prevail on a hearsay objection predicated on the argument that Apple did not have an opportunity to cross-examine the three witnesses pursuant to Rule 804(b)(1).

Accordingly, the sole issue on this motion is whether it is sufficient for Rule 804(b)(1) purposes that Apple has an opportunity to depose the three witness during discovery in the present action. Affinity asserts that in this second round of depositions, Apple has an "even better" opportunity to examine the witnesses because it can study their prior testimony and has the advantage of knowing how the testimony was used at trial in the BMW action.

These arguments are belied by the language of the Rule, which require that Apple or a predecessor in interest have had an opportunity and similar motive to develop the witness's testimony from the prior deposition, which Affinity now proposes to use at trial. It is irrelevant that discovery would allow for subsequent examination of the witness in a civil action because the rule itself requires that the opportunity have existed with respect to the testimony that the proponent seeks to admit.

Affinity's citation to Hub v. Sun Valley, 682 F.2d 776, 778 (9th Cir. 1982) is unconvincing. Hub analyzed the analogous Rule 32(a), but noted that the party opposing admission of the prior deposition testimony was a successor-in-interest to the party who cross-examined the deponent. Thus, the court did not confront the issue of whether the opposing party had had a sufficient opportunity to develop the prior testimony. Indeed, while the court stated that the prior and pending lawsuits need not have

3

involved identical issues and parties, it also found "troubling" a rule accepting, as a substitute for the present opponent's examination, an adversary's examination in a prior proceeding when the adversary has an interest calculated to induce as thorough a testing by examination. Id. at 778 n.*. The court stated that such a "test disregard[s] the 'same parties' requirement in Rule 32(a) . . . [and] fails to take into account the possibility that the prior opponent mishandled the cross-examination." Id.

No district court decision persuades the Court that the deposition of witnesses in the present action satisfies Rule 804(b)(1)'s opportunity requirement. Two district courts that considered admitting prior deposition testimony of an unavailable witness, where the opposing party had an opportunity in the pending action to depose the witness, rejected the proposal. GW Equity LLC v. Xcentric Ventures LLC, 2009 U.S. Dist. LEXIS 1445, at *28-31 (N.D. Tex.); In re Investors Funding Corp. of New York Sec. Litig., 1983 U.S. Dist. LEXIS 19246, at *2-5 (S.D.N.Y.). Hynix Semiconductor, Inc. v. Rambus, Inc., 250 F.R.D. 452 (N.D. Cal. 2008), is not analogous to this case.

Given the lack of controlling or persuasive authority, the Court finds that it is not sufficient under Rule 804(b)(1) that Apple has an opportunity to depose the three witnesses during discovery in the present action.

## CONCLUSION

Because Affinity has not established that the James Geier, Alan Harris and Gregory Simon are unavailable, or that Apple was afforded an opportunity to develop their testimony in the prior depositions, the Court DENIES Affinity's motion in limine for a

4

ruling that their deposition testimony satisfies the requirements of Rule 804(b)(1).  Docket No. 79.

For the future, motions in limine may be made only in accordance with the Court's order for pre-trial preparation, (Docket No. 64) and heard at the final pre-trial conference, absent the Court's permission, for good cause shown.  All other motions, except discovery motions, must be included in a single round of briefing and noticed to be heard on June 9, 2011.

IT IS SO ORDERED.

Dated: 1/24/2011

CLAUDIA WILKEN
United States District Judge