United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Affinity Labs of Texas, et al.,           No. C 09-4436 CW (JL)

    Plaintiffs,

    v.                               **Order granting Protective Order (Docket # 132)**

Apple, Inc,

    Defendants.
_____/

      Discovery in this case has been referred by the district court (Hon. Claudia Wilken) under 28 U.S.C. section 636(b). The Court received the parties' separate statements (docket Numbers 132 and 133) submitted March 9 under this Court's Standing Order. The parties had met and conferred in person and by telephone, but were unable to resolve their dispute. Apple requests a protective order that two third-party depositions that Affinity noticed by subpoena for March 10 not take place. Its basis for the request is that Affinity has exceeded the 70-hour cap on depositions. This cap was agreed on by the parties in their stipulation signed March 8 and adopted and ordered by Judge Wilken on March 9. (Docket Number 131, Order at 1:17-19). Apple alleges that Affinity already used 74 hours of deposition time. Affinity's counsel has traveled to California from Texas for the two depositions scheduled for today and only been advised at the last minute that Apple

1  objected to the depositions, even though the parties had submitted a discovery scheduling
2  stipulation to Judge Wilken the day before.
3  　　　In its overlong separate statement (twice the page limit permitted by the Standing
4  Order), Affinity blames Apple for the excess deposition hours that Affinity has expended - it
5  claims Apple did not produce documents until the last minute, and that Apple not only
6  produced too many FRCP 30(b)(6) witnesses, but also did not prepare them adequately.
7  Affinity also claims that Apple inaccurately counted the deposition hours, by adding up total
8  video running time, including speaking objections and videographer's comments. Affinity
9  claims that this extraneous time is very extensive, but it would have to review all 74 hours
10 to determine how much to exclude from actual deposition time.
11 　　　This Court finds that the dispute in this case could ultimately involve a decision
12 whether or not the deposition cap has been exceeded and whether the deposition cap
13 should be raised, due to alleged discovery delays by Apple. Accordingly, this dispute
14 exceeds the scope of the referral to this Court. The parties' appropriate course of action is
15 to seek a decision by Judge Wilken whether the deposition cap has been exceeded and, if
16 so, whether there is good cause to raise it.
17 　　　Apple's request for a protective order is granted, and the parties are referred to
18 Judge Wilken for any further proceedings on this issue.
19 　　　IT IS SO ORDERED.
20 DATED: March 10, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ James Larson
　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES LARSON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

24 G:\JLALL\CASES\CIV-REF\09-4436\Order grant 132.wpd