Richard L. Seabolt, Esq. (SBN 67469)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    rlseabolt@duanemorris.com

L. Norwood Jameson (admitted *pro hac vice*)
Matthew C. Gaudet (admitted *pro hac vice*)
**DUANE MORRIS LLP**
ATLANTIC CENTER PLAZA
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
Telephone: 404.253.6900
Facsimile: 404.253.6901
E-mail:    wjameson@duanemorris.com
E-mail:    mcgaudet@duanemorris.com

Thomas W. Sankey, Esq. (admitted *pro hac vice*)
Jordan T. Fowles (admitted *pro hac vice*)
**DUANE MORRIS LLP**
1330 Post Oak Boulevard, Suite 800
Houston, Texas 77056
Telephone: 713.402.3900
Facsimile:  713.402.3901
E-mail:    twsankey@duanemorris.com
E-mail:    jtfowles@duanemorris.com

**Attorneys for Plaintiff
Affinity Labs of Texas, LLC**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, a Texas Limited Liability Company,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>    v.<br><br>APPLE INC., a California Corporation,<br><br>        Defendant and<br>        Counterclaim-Plaintiff. | CASE NO. CV 09-4436-CW<br><br>**CIVIL LOCAL RULE 6-2(a) STIPULATION AND ORDER**<br><br>Judge:  Hon. Claudia Wilken |

1   IT IS HEREBY STIPULATED by and between Plaintiff Affinity Labs of Texas, LLC
2   ("Affinity") and Defendant Apple Inc. ("Apple") as follows:
3   WHEREAS, the Joint Case Management Statement submitted by the parties and adopted
4   by the Court included a limit of 70 hours for depositions for each party;
5   WHEREAS, a disagreement has arisen as to whether Affinity has used 70 hours of
6   deposition time in this case; and
7   WHEREAS, the parties have reached an agreement on how to proceed with deposition
8   discovery and certain other third party discovery, as described below;
9   NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE
10  PARTIES HERETO, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE
11  APPROVAL OF THE COURT, AS FOLLOWS:

12     1. Beginning as of the date that this Stipulation is submitted by the parties, Apple
13  shall not oppose, and Affinity shall not seek more than, an additional 6 depositions
14  of third parties currently under subpoena, including Anthony Fadell, James Geier,
15  Clay Cowgill, Pandora, AT&T, and one additional software application developer,
16  subject to Paragraph 5 below.  This stipulation is not intended to alter the rights of
17  third parties to seek relief from the Court pertaining to Affinity's subpoena on any
18  basis other than an allegation that Affinity has exceeded the permitted number of
19  deposition hours under the Joint Case Management Statement (which is hereby
20  amended with respect to deposition hours to permit the hours of depositions set
21  forth in this Stipulation).

22     2. Apple shall not oppose, and Affinity shall not seek more than, 5 hours on the
23  record during the deposition of Mr. Fadell and 2.5 hours each on the record for the
24  other five depositions referenced in the previous paragraph.

25     3. No depositions shall be taken after March 21, 2011 (absent further order of this
26  Court in resolving a motion for Protective Order filed by a third party or an Order
27  or agreement relating to Paragraph 5 below), except that (a) Apple will not oppose
28  Affinity's efforts to take the depositions of Mr. Fadell, Mr. Geier, Pandora, and

AT&T as soon as possible after the March 21, 2011 fact discovery deadline, if they cannot be scheduled before then, and (b) Apple will not oppose Affinity's efforts to take the deposition of the one additional software developer after the March 21, 2011 fact discovery deadline. Notwithstanding the foregoing, Affinity will complete the depositions described in Paragraph 1 at least one week prior to Apple's rebuttal expert report on non-infringement unless otherwise directed by the Court's order.

4. Affinity shall not be permitted to depose during the remainder of this case any Apple employees, except that the parties mutually agree to reserve their rights and objections as to the deposition of an individual identified in a letter between the parties dated March 16, 2011, which is not subject to any of the terms in this Stipulation.

5. If either party believes that it needs any additional deposition discovery in the case beyond what is set forth in the previous paragraphs, the party shall be permitted to move for a maximum of 3 additional depositions not to exceed 2.5 hours each on the record, and such relief will only be granted on a showing of good cause. To the extent permitted by the Court, these depositions will be for the sole purpose of authenticating third-party documents and, if accurate, establishment of the "business record" status of these documents. If it believes it has good cause, Affinity shall also be permitted to move to compel document discovery from subpoenaed software application developers up to 14 days after the March 21, 2011 fact discovery cut-off, to which motions all defenses are reserved (except for a defense that such motion was filed after the fact discovery cut-off).

6. Neither party can use the timing of Mr. Fadell's deposition as a basis to supplement an expert report. To the extent that Mr. Fadell's testimony is presented at trial, any party's expert is permitted to comment that Mr. Fadell's trial testimony is consistent with a specific, previously reported opinion of the expert. With respect to Pandora (whose counsel has indicated it will not be available for deposition

before March 21, 2011), AT&T (who has filed for a motion for protective order), and the additional one software application developer referenced in Paragraph 1 above, any supplementation of reports shall be limited to a string cite of Bates numbers and/or deposition testimony to support specific, previously reported opinions.  It is the parties' understanding that Mr. Cowgill will be made available for deposition before the end of fact discovery, and therefore supplementation should not be an issue for Mr. Cowgill's testimony.  Additionally, it is the party's expectation that Mr. Geier's testimony will be relied on for Affinity's rebuttal validity report, and the parties expect the deposition to be completed before the deadline for Affinity's rebuttal validity report; in the event Mr. Geier's deposition is not completed before that date, supplementation of Affinity's rebuttal validity report shall be limited to a string cite of Bates numbers and/or deposition testimony to support specific, previously reported opinions.

7. The parties will work together in good faith to obtain and not object to (i) the authentication of third-party documents through a declaration, and (ii) if accurate, the establishment of "business record" status of third party documents (for purposes of a hearsay exception) through a declaration.

Dated: March 16, 2011

RICHARD L. SEABOLT
L. NORWOOD JAMESON
MATTHEW C. GAUDET

DUANE MORRIS LLP


By: */s/ Matthew C. Gaudet*
    Matthew C. Gaudet

Attorneys for Plaintiff AFFINITY LABS OF TEXAS, LLC

Pursuant to General Order No. 45 X(B), I hereby attest that concurrence in the filing of this document has been obtained from Darin Snyder.

Dated: March 16, 2011

RICHARD L. SEABOLT
L. NORWOOD JAMESON
MATTHEW C. GAUDET

DUANE MORRIS LLP


By: */s/ Matthew C. Gaudet*
    Matthew C. Gaudet

Attorneys for Plaintiff AFFINITY LABS OF TEXAS, LLC

Dated: March 16, 2011

GEORGE A. RILEY
DARIN SNYDER
RYAN K. YAGURA
DARIN J. GLASSER
NICHOLAS J. WHILT

O'MELVENY & MYERS LLP


By: */s/ Darin Snyder*
    Darin Snyder

Attorneys for Defendant APPLE INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED,


Dated: **3/31/2011**

Honorable Claudia Wilken
United States District Judge