1   Richard L. Seabolt (S.B. #67469)
    rlseabolt@duanemorris.com
2   DUANE MORRIS LLP
    Spear Tower, One Market Plaza, Suite 2200
3   San Francisco, CA  94105-1127
    Telephone::  415.957.3000
4   Facsimile:  415.957.3001

5   GEORGE A. RILEY (S.B. #118304)
    griley@omm.com
6   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
7   San Francisco, California  94111-3823
    Telephone:     415.984.8700
8   Facsimile:     415.984.8701

9

10                  **UNITED STATES DISTRICT COURT**
11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **OAKLAND DIVISION**
12

13                                      )
                                        )
14   AFFINITY LABS OF TEXAS, LLC,       )        Case No. CV 09-4436-CW
                                        )
15                Plaintiff,            )
                                        )        **STIPULATED AMENDED**
16        v.                            )        **PROTECTIVE ORDER**
                                        )
17   APPLE INC.,                        )
                                        )
18                Defendant.            )
                                        )

19

20   Upon the stipulation and agreement of Plaintiff AFFINITY LABS OF TEXAS, LLC ("Affinity"

21   or "Plaintiff"), and Defendant APPLE INC. ("Apple" or "Defendant") (Plaintiff and Defendant

22   collectively, the "Parties;" individually, each a "Party"), and to facilitate document disclosure and

23   production, the Court hereby issues this Amended Protective Order.  This Amended Protective

24   Order shall govern the handling of all Confidential Information (defined below) produced in this

25   action ("Produced Material"), by any Party or any other party (which may include non-parties)

26   (the "Producing Party"), including, but not limited to, documents (including electronically-stored

27   information) and things produced pursuant to Rule 34 or Rule 45; testimony upon written

28   questions pursuant to Rule 31; testimony adduced at depositions upon oral examination and

1   transcripts, videotapes, and exhibits thereof pursuant to Rule 30; discovery requests and written

2   responses thereto pursuant to Rules 33, 35, or 36; and materials derived from any of the

3   foregoing.  This Amended Protective Order replaces the Protective Order entered *sua sponte* by

4   the Judge Clark on June 18, 2009.  Unless modified pursuant to the terms contained in this Order,

5   this Order shall remain in effect through the conclusion of this litigation.

6          **1.**     **Definitions.**

7                (a)     Confidential Information.  The term "Confidential Information" shall mean

8   and include information contained or disclosed in any Documents (as defined below), portions of

9   Documents, answers to interrogatories, responses to requests for admissions, trial testimony,

10  deposition testimony, and transcripts of trial testimony and depositions, including data,

11  summaries, and compilations derived therefrom that is designated as "CONFIDENTIAL,"

12  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY

13  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided

14  for in this Amended Protective Order.  Confidential Information shall not include (a) publicly

15  disseminated advertising materials, (b) materials that on their face show that they have been

16  published to the general public, or (c) documents that have been submitted to any governmental

17  entity without request for confidential treatment.

18                (b)     Documents.  The term "Documents" shall have the meaning ascribed to the

19  terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ. P.

20  34.

21                (c)     Outside Counsel.  The term "outside counsel" shall mean (i) outside

22  counsel who appear on the pleadings as counsel for a Party and (ii) other attorneys, paralegals,

23  secretaries, and other support staff employed in any office of the law firms identified below to

24  whom it is reasonably necessary to disclose the information for this litigation:

25

| O'Melveny & Myers LLP<br>610 Newport Center Drive<br>Newport Beach, CA 92660 | Duane Morris LLP<br>1180 West Peachtree St., Suite 700<br>Atlanta, GA 30309-3448 |
|---|---|
| Albritton Law Firm<br>P.O. Box 2649<br>Longview, TX 75606 | |

1        (d)    <u>In-house Counsel.</u>  The term "in-house counsel" shall mean attorneys or

2 members of the legal staff or the intellectual property department of a Party or of a Party's

3 parents, subsidiaries, or commonly controlled companies, who are employed or regularly retained

4 by the Party or the Party's parent, subsidiary, or commonly controlled companies, and who as

5 part of that employment participate in policy decisions with reference to this action.  Regardless

6 of any other definition, the term "in house counsel" shall include the following Affinity

7 representatives:  Russell White and Harlie Frost.

8        (e)    <u>Patents-in-Suit.</u>  The term "Patents-in-Suit" shall mean any patent asserted

9 by a Party in this case as being infringed, including U.S. Patent Nos. 7,187,947, 7,440,772,

10 7,486,926, and any additional patents and patent applications that may be asserted, as well as any

11 related patents and  patent applications, including without limitation provisional patent

12 applications, continuations, divisionals, reissues, reexaminations, and foreign counterparts.

13        (f)    <u>Source code.</u>  The term "source code" means computer code, scripts,

14 assembly, object code, source code listings and descriptions of source code, object code listings

15 and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer

16 Level (RTL) files that describe the hardware design of any ASIC or other chip.

17        **2.**      **<u>Scope of Amended Protective Order.</u>**

18        (a)    This Amended Protective Order shall govern Confidential Information that

19 is, directly or indirectly, set forth, revealed, produced, or provided (i) in discovery requests

20 promulgated under the Federal Rules of Civil Procedure, and under Local Rules of the Northern

21 District of California and responses thereto; (ii) in any Documents, things, or premises produced

22 pursuant to, or made available for inspection in response to, a discovery request or subpoena

23 under the Federal Rules of Civil Procedure; (iii) during depositions upon oral or written

24 examination under the Federal Rules of Civil Procedure; (iv) in connection with any other

25 discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure,

26 informally, or by agreement; (v) in correspondence (including attachments and enclosures)

27 relating to this litigation; (vi) in submissions to or before the Court, including testimony, briefs,

28 exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection with

any mediation or settlement negotiation.  This Amended Protective Order shall also govern the handling of Documents, and all other forms of recorded information, containing or derived from any Confidential Information.  This Amended Protective Order also shall govern any oral or written conveyance of the contents of Confidential Information.  This Amended Protective Order also shall apply to (i) Confidential Information inadvertently or unintentionally produced without designation consistent with the provisions set forth in Paragraph 14 and (ii) inadvertently or unintentionally produced privileged information consistent with the provisions set forth in Paragraph 15.

(b)	This Amended Protective Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential Information for any purpose; (ii) any person or Party's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were produced in this litigation, provided that such documents or other information were lawfully acquired by or known to the Party or person intending to use such documents or other information; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Amended Protective Order; or (iv) information that is disclosed by a party without restriction as to disclosure, provided such party has the right to make the disclosure.

**3.	Designations.**

Each party or non-party that produces or discloses any Confidential Information that the Producing Party believes should be subject to this Amended Protective Order may designate the same as: (i) "CONFIDENTIAL," (ii) "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or (iii) "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(a)	"CONFIDENTIAL":  Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information has not already been made publicly known by the party and which the Producing Party (i) in the ordinary course of business does not or would not disclose to third parties except in confidence or

has undertaken with others to maintain in confidence, or (ii) is under a preexisting obligation to maintain as confidential or private.

(b)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY": Any Producing Party may designate information as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information has not already been made publicly known by the Producing Party and is of a proprietary business or technical nature that could be of value to a competitor or potential customer of the party and/or cause harm to the competitive position of the Producing Party. Examples of such information or materials include, but are not necessarily limited to, non-public financial data, marketing or business plans, documents that would reveal trade secrets or business strategy, specifications and design documents, schematics, blueprints, CAD drawings and data, technical information, or confidential agreements or relationships with third parties.  Non-public technical or financial information is presumptively HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

(c)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE":  to the extent production of Source Code becomes necessary to the prosecution or defense of the litigation, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code.

**4.     Designation of Confidential Information.**

The designation of any information as Confidential Information for purposes of this Amended Protective Order shall be made in the following manner:

(a)     Confidential Information.  With regard to any Confidential Information (including transcripts of depositions or other testimony and discovery requests and responses), a legend containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be included on each image, page, filename, or document to

1    the extent practicable.  Where it is not practicable to include a legend on each image, page or

2    document, an appropriate legend shall be affixed to the CD or other media on which the

3    Producing Party produces the electronically-stored information or to the cover page of a

4    deposition transcript.  Any printout made from the CD or other media shall be immediately and

5    conspicuously marked  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE

6    ATTORNEYS' EYES ONLY" consistent with the legend affixed to the CD or other media, and

7    also with a unique page identifier.

8                    (b)      Documents, Things, and Premises Produced for Inspection.  When

9    Documents, things, or premises are produced for inspection, no legend need be affixed in advance

10   of the inspection.  For purposes of the initial inspection, all Produced Material shall be considered

11   designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

12   Thereafter, upon a selection of specified documents for copying by the inspecting Party, a legend

13   in the form set forth in Paragraph 4(a) shall be affixed to each page containing Confidential

14   Information.

15                   (c)      Deposition Procedures.  Whenever a deposition taken on behalf of any

16   Party involves a disclosure of Confidential Information of any Party:

17                           (i)      Deposition transcripts or portions thereof shall be designated as

18           containing Confidential Information subject to the provisions of this Amended Protective

19           Order; such designation shall be made on the record wherever possible, but a Producing

20           Party may designate portions of depositions as containing Confidential Information after

21           transcription of the proceedings; a Producing Party shall have until two weeks after receipt

22           of the deposition transcript to inform the other Party or Parties to the action of the portions

23           of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

24           OUTSIDE ATTORNEYS' EYES ONLY";

25                           (ii)      The Producing Party shall have the right to exclude from attendance

26           at said deposition, during such time as the Confidential Information is to be disclosed, any

27           person other than the deponent, outside counsel (including their staff and associates), the

28           court reporter and videographer (if any) authorized in accordance with Paragraphs 6 and

1   9, and any other person who is permitted access to the Confidential Information by this

2   Amended Protective Order; and

3           (iii)    The originals of said deposition transcripts and all copies thereof

4   shall bear the legend  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

5   ATTORNEYS' EYES ONLY" on the cover page as appropriate, and the original or any

6   copy ultimately presented to a court for filing shall not be filed unless it can be

7   accomplished under seal and in accordance with Paragraph 7(x), identified as being

8   subject to this Amended Protective Order, and protected from being opened except by

9   order of this Court.

10   **5.**      **Challenges to Designations of Confidential Information.**

11   At any stage of these proceedings, any Party may challenge the propriety of any

12   designation of Confidential Information under this Amended Protective Order.  The Party

13   objecting to confidentiality shall notify, in writing, counsel for the Producing Party of the

14   objected-to Produced Materials identifying the production numbers and the grounds for the

15   objection.  If the dispute is not resolved consensually within seven (7) business days of receipt of

16   such a notice of objections, the objecting Party shall certify to the Court that the Parties cannot

17   reach an agreement as to the confidential nature of all or part of the Produced Materials in

18   disputes.  Thereafter, the Parties shall proceed as follows:

19   (a) If this is the first dispute certified to the Court as to the confidential nature of

20   Produced Materials in a particular document production, then the Producing Party shall have ten

21   (10) days from the date of certification to file a motion with regard to the designation of any

22   Produced Materials in dispute.  The Producing Party shall have the burden to show that the

23   designation of Produced Materials as Confidential Information is appropriate.  If the Producing

24   Party does not timely file a motion, then the Produced Materials shall have the level of

25   confidentiality the objecting Party contends is appropriate and there shall be no further dispute as

26   to the confidentiality of the Produced Materials.  If the Producing Party does timely file a motion,

27   then the Produced Materials at issue shall be treated as Confidential Information, as designated by

28   the Producing Party, until the Court has ruled on the objection or the matter has been otherwise

1   resolved.

2          (b) If this is not the first dispute certified to the Court as to the confidential nature

3   of Produced Materials in a particular document production, then the objecting Party shall have ten

4   (10) days from the date of certification to file a motion with regard to the designation of any

5   Produced Materials in dispute.  The Producing Party shall have the burden to show that the

6   designation of Produced Materials as Confidential Information is appropriate.  If the objecting

7   Party does not timely file a motion, then the Produced Materials shall have the level of

8   confidentiality the Producing Party contends is appropriate and there shall be no further dispute as

9   to the confidentiality of the Produced Materials.  If the objecting Party does timely file a motion,

10  then the Produced Materials at issue shall be treated as Confidential Information, as designated by

11  the Producing Party, until the Court has ruled on the objection or the matter has been otherwise

12  resolved.

13          **6.**      **Disclosure and Use of Confidential Information.**

14          Confidential Information shall be used solely for the purpose of this litigation, including

15  any related appellate proceeding, and not for any other purpose whatsoever, including without

16  limitation any other litigation, patent prosecution or acquisition, or any business or competitive

17  purpose or function.  Confidential Information shall not be distributed, disclosed or made

18  available to anyone except to those persons identified in this Paragraph and as expressly provided

19  in this Order.

20          (a)      <u>"CONFIDENTIAL".</u>  Information designated "CONFIDENTIAL," or

21  copies or extracts therefrom and compilations and summaries thereof, shall only be disclosed,

22  summarized, or made available to the following persons:

23                  (i)      Outside Counsel for the Parties in this action (as defined in

24          Paragraph 1(c) of this Amended Protective Order);

25                  (ii)      Independent experts and/or consultants, subject to and contingent

26          upon compliance with the conditions set forth in Paragraph 9;

27                  (iii)      In-house Counsel of the Parties in this action (as defined in

28          Paragraph 1(d) of this Amended Protective Order);

1          (iv)     Litigation vendors retained for the purpose of outside

2   photocopying, imaging, database, graphics, translation, and design services retained by the

3   outside counsel, to the extent necessary to assist such counsel in this litigation, subject to

4   and contingent upon compliance with the conditions set forth in Paragraph 9;

5          (v)     Stenographic and videotape court reporters engaged in proceedings

6   incident to preparation for deposition or trial, subject to and contingent upon compliance

7   with the conditions set forth in Paragraph 9;

8          (vi)     Court personnel, including jurors, involved with this litigation;

9          (vii)     Jury or trial consultants, including mock jurors, subject to and

10   contingent upon compliance with the conditions set forth in Paragraph 9;

11          (viii)     Such other persons as the Parties agree to in writing prior to the

12   disclosure of any Confidential Information to such persons.

13          (b)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

14   Information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

15   ONLY" or copies or extracts therefrom and compilations and summaries thereof, shall only be

16   disclosed, summarized, or made available to the persons identified in Paragraphs 6(a)(i)-(ii),

17   6(a)(iv)-(vii) (excluding mock jurors), and 6(a)(viii), according to the terms specified in those

18   paragraphs.

19          (c)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

20   SOURCE CODE."  Information designated "HIGHLY CONFIDENTIAL – OUTSIDE

21   ATTORNEYS' EYES ONLY – SOURCE CODE" or copies or extracts therefrom and

22   compilations and summaries thereof, shall only be disclosed, summarized, or made available to

23   the persons identified in Paragraphs 6(a)(i)-(ii), 6(a)(iv)-(vii) (excluding mock jurors), and

24   6(a)(viii), according to the terms specified in those paragraphs.

25          (d)     Drafters and Recipients.  Notwithstanding any provision of this Amended

26   Protective Order to the contrary, with respect to Produced Materials designated

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

28

1  ONLY," any person indicated on the face of the document to be its originator, author, or a

2  recipient of a copy thereof may be shown the same.

3         **7.**     **Disclosure and Review of Source Code.**

4         (a)     Any source code that is produced by Affinity shall be made available for

5  inspection in electronic format at the San Francisco office of its outside counsel, Duane Morris

6  LLP, or any other location mutually agreed by the parties.  Any source code that is produced by

7  Apple Inc. will be made available for inspection at the San Francisco office of its outside

8  counsel, O'Melveny & Myers LLP, or any other location mutually agreed by the parties.  Prior to

9  the first inspection of any requested piece of source code, the requesting party shall provide thirty

10  (30) days notice of the source code that it wishes to inspect.  The requesting party shall provide

11  fourteen (14) days notice prior to any additional inspections.

12         (b)     Source code, including schematics, designated as "HIGHLY

13  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be

14  produced for inspection and review subject to the following provisions, unless otherwise agreed

15  by the Producing Party:

16         (i)     All source code shall be made available by the Producing Party to

17  the receiving Party's outside counsel and/or experts in a secure room on a secured

18  computer without Internet access or network access to other computers, as necessary and

19  appropriate to prevent and protect against any unauthorized copying, transmission,

20  removal or other transfer of any source code outside or away from the computer on which

21  the source code is provided for inspection (the "Source Code Computer").  However, at

22  the producing party's option, schematics may be made available for inspection either (a)

23  as paper schematics in a secure room or (b) in electronic form on the "Source Code

24  Computer."  The Producing Party shall install tools that are sufficient for viewing and

25  searching the source code produced, on the platform produced, if such tools exist and are

26  presently used in the ordinary course of the Producing Party's business.  The receiving

27  Party's outside counsel and/or experts may request that commercially available software

28  tools for viewing and searching source code be installed on the secured computer,

provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools (which approval shall not be unreasonably withheld); and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the source code consistent with all of the protections herein.  The receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media will be permitted inside the source code review room. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any computer that is connected to any network.  Further, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  The Producing Party may visually monitor the activities of the receiving Party's representatives during any source code review, but only to ensure that no unauthorized electronic records of source code, or information about the source code, are being created or transmitted in any way.

(iii)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code and which shall be loaded with paper that shall have on each page a unique Bates number and the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  The receiving Party may print portions of the source code only when reasonably necessary to facilitate the receiving Party's preparation of court filings, expert reports, and related drafts and correspondences ("permitted

purpose"), and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such permitted purpose.  The receiving Party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of source code in filings and proceedings.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party and and a copy of all such pages shall be given to the receiving Party within two (2) business days absent an objection by the Producing Party. The printed pages shall constitute part of the source code produced by the Producing Party in this action.  If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary for a permitted purpose, the Producing Party shall make such objection within two (2) business days and shall withhold the copies for no more than seven (7) days from making the objection, during which time the parties shall meet-and-confer regarding any such objection.  If, after meeting and conferring during those seven (7) days, the Producing Party and the receiving Party cannot resolve the objection, the Producing Party shall have an additional seven (7) days to seek a Court resolution of whether the printed source code in question is excessive and/or not reasonably necessary for a permitted purpose as provided herein.  The parties expressly agree that the printed portions shall be no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

(iv)    All persons who will review a Producing Party's source code on behalf of a receiving Party shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such source code.  Such identification shall be in addition to any disclosure required under Paragraph 9 of this Amended Protective Order.  All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the locked room

to view the source code and when they enter and depart.  The Producing Party shall maintain the log.

(v)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Amended Protective Order, the receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(vi)     Other than as provided in Paragraph 7(b)(iii) above, the receiving Party will not transmit any source code in any way from the Producing Party's facilities or the offices of its outside counsel of record and will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment, including without limitation recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media.

(vii)     The receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code received from a Producing Party pursuant to Paragraph 7(b)(iv), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a Producing Party that are delivered by the receiving Party to any qualified person under Paragraph 6 above.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) day's advance notice to the receiving Party by the Producing Party, the receiving Party shall provide a copy of this log to the Producing Party.

1        (viii)    The receiving Party's outside counsel of record and any person

2    receiving a copy of any source code shall maintain and store any paper copies of the

3    source code at their offices in a manner that prevents duplication of or unauthorized

4    access to the source code, including, without limitation, storing the source code in a

5    locked room or cabinet at all times when it is not in use.

6        (ix)    For depositions, the receiving Party shall not bring copies of any

7    printed source code.  Rather, at least two (2) days before the date of the deposition, the

8    receiving Party shall notify the Producing Party of the Bates numbers for the specific

9    portions of the printed source code it wishes to use at the deposition, and the Producing

10   Party shall bring those printed portions to the deposition for use by the Receiving Party.

11   Copies of source code that are marked as deposition exhibits shall not be provided to the

12   Court Reporter or attached to deposition transcripts; rather, the deposition record will

13   identify the exhibit by its production numbers.  All paper copies of source code brought at

14   the deposition shall be returned to the Producing Party following the deposition.

15       (x)    Except as provided in this sub-paragraph, absent express written

16   permission from the Producing Party, the receiving Party may not create electronic

17   images, or any other images, or make electronic copies, of the source code from any paper

18   copy of source code for use in any manner (including by way of example only, the

19   receiving Party may not scan the source code to a PDF or photograph the code).  Images

20   or copies of source code shall not be included in correspondence between the parties

21   (references to production numbers shall be used instead), and shall be omitted from

22   pleadings and other papers whenever possible.  If a party reasonably believes that it needs

23   to submit a portion of source code as part of a filing with the Court, the parties shall meet

24   and confer as to how to make such a filing while protecting the confidentiality of the

25   source code and such filing will not be made absent agreement from the Producing Party

26   that the confidentiality protections will be adequate.  If a Producing Party agrees to

27   produce an electronic copy of all or any portion of its source code or provide written

28   permission to the receiving Party that an electronic or any other copy needs to be made for

1   a Court filing, the receiving Party's communication and/or disclosure of electronic files or

2   other materials containing any portion of source code (paper or electronic) shall at all

3   times be limited to solely individuals who are expressly authorized to view source code

4   under the provisions of this Protective Order.  In case where the Producing Party has

5   provided the express written permission required under this provision for a receiving Party

6   to create electronic copies of source code, the receiving Party shall maintain a log of all

7   such electronic copies of any portion of source code in its possession or in the possession

8   of its retained consultants, including the names of the reviewers and/or recipients of any

9   such electronic copies, and the locations where the electronic copies are stored.

10  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL –

11  OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in

12  Amended Protective Order.

13      **8.      Prosecution Bar.**

14      Any attorneys, patent agents, independent experts or consultants , or other persons who

15  receive and review any "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY"

16  or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

17  material on Plaintiff's behalf, shall not be involved, directly or indirectly, in patent prosecution

18  (including without limitation advising on, consulting on, preparing, prosecuting, drafting, editing,

19  and/or amending of applications, specifications, claims, and/or responses to office actions, or

20  otherwise affecting the disclosure in patent applications or specifications or the scope of claims in

21  patents or patent applications, whether in original prosecution, reissue, or reexamination) relating

22  to either the technology of the Patents-in-Suit or the "HIGHLY CONFIDENTIAL – OUTSIDE

23  ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

24  EYES ONLY – SOURCE CODE" material before any foreign or domestic agency, including the

25  United States Patent and Trademark Office, on behalf of a patentee.  This prohibition is not

26  intended to and shall not preclude counsel from participating in reexamination proceedings on

27  behalf of a Party challenging the validity of a patent.  This prohibition shall not preclude affected

28  individuals from disclosing non-confidential material to prosecution counsel for purposes of

1   disclosure to the USPTO.  This prohibition shall begin when access to "HIGHLY

2   CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL –

3   OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material is first received by the

4   affected individual, and shall end two (2) years after the final reslution of this action, including all

5   appeals.  For the avoidance of doubt, any attorneys, patent agents, independent experts or

6   consultants who have received and reviewed "HIGHLY CONFIDENTIAL – OUTSIDE

7   ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

8   EYES ONLY – SOURCE CODE" material on Plaintiff's behalf may still discuss publicly

9   available papers that either have been filed in this litigation or specifically referenced in a

10   pleading filed in this litigation with client representatives, and such discussions alone shall not

11   constitute involvement in the prosecution of such applications.  The provisions of Paragraph 7 do

12   not apply to any court personnel involved in this litigation.

13         **9.     Undertaking.**

14             (a)     All persons designated by a Party under Paragraphs 6(a)(ii), (iv), (v), and

15   (vii) may receive Confidential Information in accordance with the terms in Paragraph 6 only after

16   the proposed recipient has executed the undertaking attached hereto as Exhibit A.

17             (b)     All proposed independent experts and consultants designated by a party

18   under Paragraph 6(a)(ii) may receive Confidential Information only after the following conditions

19   have been satisfied:  (i) the proposed recipient has executed the undertaking attached hereto as

20   Exhibit A; (ii) the undertaking has been served on the Producing Party together with the

21   following information: (A) any and all current professional relationship(s) with any of the Parties,

22   or any known affiliate of the Parties and (B) a curriculum vitae showing his or her

23   employment/consulting history, including without limitation any employment or affiliation with

24   any of the Parties, any testifying or consulting engagements from 2005 to present; and any

25   publications; and (iii) the Producing Party has either approved the recipient (or not objected to the

26   recipient) pursuant to Paragraph 9(c) or the Court has ruled on an application that the proposed

27   recipient may receive the Confidential Information.  To the extent that the specific identification

28   of an expert's or consultant's engagement or client cannot be provided due to a confidentiality

1   agreement, or otherwise, the Party seeking to make the disclosure must provide sufficient

2   information so that the Producing Party can reasonably assess any concerns regarding the

3   disclosure of such information to such expert or consultant.  During the pendency of and for a

4   period of two (2) years after the final resolution of this action, including all appeals, the Party

5   seeking to disclose Confidential Information shall respond to reasonable requests for updates with

6   respect to the curriculum vitae described above.

7                  (c)     The Producing Party shall have fourteen (14) calendar days after notice

8   complying with the requirements of Paragraph 9(b) is received to object to the disclosure of the

9   Produced Material to the person(s) identified.  Any objection shall be made in good faith, stating

10  with particularity the reasons for the objection, and must be served in writing on all Parties;

11  failure to object within the period referenced above shall be deemed approval, and the person(s)

12  shall thereafter be qualified to have access to the Confidential Information of the Producing Party.

13  Should the Parties be unable to resolve any objection, then the Party objecting to the disclosure

14  may raise this matter with the Court and request an Order restricting such person's access to the

15  Confidential Information; failure of the objecting Party to raise the matter with the Court within

16  fourteen(14) days after the date that the objection was served shall be deemed approval, and the

17  person(s) shall thereafter be qualified to have access to the Confidential Information of the

18  Producing Party.

19                 (d)     An initial failure to object to a proposed recipient under Paragraph 9 shall

20  not preclude the nonobjecting Party from later objecting to continued access by that proposed

21  recipient for good cause based on information that should have been disclosed in Paragraph 9(b)

22  or materially new or changed circumstances.  If an objection is made, the Parties shall meet and

23  confer via telephone or in person within seven (7) days following the objection and attempt in

24  good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to

25  the disclosure will have seven (7) days from the date of the meet and confer to seek relief from

26  the Court.  The designated proposed recipient may continue to have access to information that

27  was provided to such proposed recipient prior to the date of the objection.  If a later objection is

28  made, no further Protected Material shall be disclosed to the proposed recipient until the Court

1    resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the

2    foregoing, if the Producing Party fails to move for a protective order within seven (7) business

3    days after the meet and confer, further Protected Material may thereafter be provided to the

4    proposed recipient.

5               (e)     The administrative and clerical staff of an outside consultant or expert

6    identified pursuant to Paragraph 9, who have responsibilities related to this litigation, shall be

7    deemed to have signed the undertaking in the form of Exhibit A when the outside expert or

8    consultant supervising such individuals has executed the undertaking.

9        **10.    Subpoenas or Court Orders**

10       If at any time Confidential Information is subpoenaed by any court, arbitral,

11   administrative, or legislative body, the Party to whom the subpoena or other request is directed

12   shall immediately give prompt written notice thereof to every Party who has produced such

13   Confidential Information and to its counsel and shall provide each such Party with an opportunity

14   to move for a protective order regarding the production of Confidential Information implicated

15   by the subpoena.

16       **11.    Filing Under Seal.**

17       Without written permission from the Producing Party or a Court Order secured after

18   appropriate notice to all interested parties, a Party may not file in the public record in this action

19   any Confidential Information, but must file such Confidential Information under seal.  The Parties

20   will follow and abide by the applicable law and local rules with respect to filing documents under

21   seal in this Court.  Nothing in Paragraph 11, nor in any other provision of this Amended

22   Protective Order, is intended to take precedence over the provisions related to the disclosure,

23   access, and use of Source Code set forth in Paragraph 7, and to the extent there is any conflict

24   between the provisions, Paragraph 7 shall govern.

25       **12.    Maintenance of Confidential Information.**

26       All Confidential Information shall be held in confidence by those inspecting or receiving

27   it, and shall be used only for purposes of this action.  Counsel for each Party, and each person

28   receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized

1   or inadvertent disclosure of such information.

2        **13.**   **Unauthorized Disclosure.**

3        (a)   If Confidential Information is disclosed to any person other than in the

4   manner authorized by this Amended Protective Order (an "Unauthorized Person"), the Party

5   responsible for the unauthorized disclosure, and any Party with knowledge of the unauthorized

6   disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all

7   pertinent facts relating to such disclosure including, without limitation, the identification of the

8   Confidential Information disclosed and the Unauthorized Persons to whom the disclosure was

9   made.

10        (b)   The Party responsible for the unauthorized disclosure shall also promptly

11   take all reasonable measures to recover the Confidential Information disclosed without

12   authorization and to ensure that no further or greater unauthorized disclosure or use of such

13   Confidential Information is made by doing the following, without limitation, (i) promptly

14   informing the Unauthorized Person that the disclosed information contains Confidential

15   Information and of the provisions of this Amended Protective Order; (ii) requesting that the

16   Unauthorized Person sign an undertaking in the form attached as Exhibit A (to be promptly

17   provided to the Producing Party); and (iii) retrieving all copies of Confidential Information

18   disclosed to the Unauthorized Person.  The Producing Party and party that disclosed the

19   Confidential Information shall cooperate in good faith in this effort.

20        (c)   Any person found to have made an impermissible use of any Confidential

21   Information will be subject to, without limitation, appropriate civil penalties, including contempt

22   of court.

23        (d)   No Party shall be responsible to another party for disclosure of

24   Confidential Information under this Amended Protective Order if the information in question is

25   not labeled or otherwise identified as such in accordance with this Amended Protective Order.

26        **14.**   **Inadvertent Disclosure of Confidential Information.**

27        If a Party, through inadvertence, produces any Confidential Information without labeling

28   or marking or otherwise designating it as such in accordance with this Amended Protective Order,

the Producing Party may give written notice to the receiving Party that the Produced Material is deemed Confidential Information, and that the Produced Material should be treated as such in accordance with that designation under this Amended Protective Order.  The Producing Party must notify the receiving Party within seven (7) business days of becoming aware of the inadvertent disclosure of Confidential Information.  The receiving Party must treat the Produced Materials as Confidential Information, once the Producing Party so notifies the receiving Party. If the receiving Party has disclosed the Produced Materials before receiving the designation, the receiving Party must notify the Producing Party in writing of each such disclosure and shall also promptly take all reasonable measures to recover the Confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information <u>and</u> of the provisions of this Amended Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as <u>Exhibit A</u> (to be promptly provided to the Producing Party); and (iii) making best efforts to retrieve all copies of Confidential Information disclosed to the Unauthorized Person.  The Producing Party and the receiving Party shall cooperate in good faith in this effort.  The burden of any additional measures to recover the Confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information shall be borne by the Producing Party.  Counsel for the Parties shall confer regarding a mutually acceptable manner of labeling or marking the inadvertently Produced Materials.

**15.    Inadvertent Disclosure of Privileged or Protected Information.**

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure.  In addition, the Parties agree that if a document subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure is included in documents made available for inspection, such disclosure shall not be

1   considered a waiver of the privilege or protection from disclosure.  The Producing Party must

2   notify the receiving Party within seven (7) business days of becoming aware of the inadvertent

3   disclosure of privileged or protected information.  Upon a request from a Party that has

4   inadvertently produced any document that it believes is subject to the attorney-client privilege,

5   the attorney work-product doctrine, or any other applicable privilege or protection from

6   disclosure, each Party receiving said document shall return it and all physical copies to the

7   Producing Party immediately and destroy all electronic copies within ten (10) business days.

8   Nothing herein shall prevent the Receiving Party from preparing a record for its own use

9   containing the date, author, addressee(s), and topic of the document as would be required in a

10  standard Privilege Log.  Such a record of the identity and nature of a document may not be used

11  for any purpose other than preparation of a motion to compel in this Action.  Any other

12  information in the document may not be used for any purpose in this Action.  After the return of

13  the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege,

14  protection, or work-product by making a motion to the Court.

15          **16.** **Termination of Access.**

16          (a)     In the event that any person or Party ceases to be engaged in the conduct of

17  this litigation, such person's or Party's access to any and all Confidential Information shall be

18  terminated.  In addition, all copies of Confidential Information shall be returned or destroyed

19  consistent with the procedure in Paragraph 17 as soon as practicable, and no later than sixty (60)

20  calendar days, after such person or Party ceases to be engaged in the conduct of this litigation.

21          (b)     The provisions of this Amended Protective Order shall remain in full force

22  and effect as to any person or Party who previously had access to any Confidential Information,

23  except as may be specifically ordered by the Court or consented to by the Producing Party.

24          **17.** **Termination of Litigation.**

25          (a)     Within sixty (60) days of final termination of this action, including any and

26  all appeals, counsel for each Party shall certify to the other Parties that counsel and the Party that

27  counsel represents have destroyed or returned all Confidential Information to the party that

28  produced the information, including any copies, excerpts, and summaries thereof and has purged

1    all such information from all machine-readable media on which it resides.  Notwithstanding the

2    foregoing, Outside Counsel for each Party may retain one set of all pleadings, briefs, memoranda,

3    motions, expert reports, or other documents filed with the Court that refer to or incorporate

4    Confidential Information, and will continue to be bound by this Amended Protective Order with

5    respect to all such retained information.  Further attorney work product materials that contain

6    Confidential Information need not be destroyed, but, if they are not destroyed, the person in

7    possession of the attorney work product will continue to be bound by this Amended Protective

8    Order with respect to all such retained information.

9             (b)      This Amended Protective Order shall survive the termination of this action

10    and the Court shall retain jurisdiction to enforce its terms and to make such amendments and

11    modifications to this Amended Protective Order as may be appropriate.  Notwithstanding the

12    foregoing, a Party may seek the written permission of the Producing Party or further order of the

13    Court with respect to dissolution or modification of this Amended Protective Order.

14           **18.**     **<u>Non-Party Use of This Amended Protective Order</u>**

15       A non-Party producing information or material voluntarily or pursuant to a subpoena or

16    Court order may designate such material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

17    OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

18    ATTORNEYS' EYES ONLY – SOURCE CODE" under Paragraph 3 this Amended Protective

19    Order and such information will thereafter be treated in accordance with this Amended Protective

20    Order.  The use of this Amended Protective Order by a non-Party does not entitle that non-Party

21    access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

22    ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOUCE

23    CODE" materials produced by any other Party or non-Party in this case.

24           **19.**     **<u>Limitations on Scope of Amended Protective Order.</u>**

25             (a)      The restrictions and obligations set forth herein shall not apply to any

26    information that (a) the Parties agree or the Court rules should not be designated Confidential

27    Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties

28    agree, or the Court rules, has become public knowledge other than as a result of disclosure by the

1    receiving Party, its employees, or its agents in violation of this Amended Protective Order; or (d)

2    has come or shall come into the receiving Party's legitimate knowledge independently of the

3    production by the Producing Party.

4          (b)     The restrictions and obligations herein shall not be deemed to prohibit

5    discussions of any Confidential Information with anyone if that person already has or obtains

6    legitimate possession thereof.

7          (c)     Nothing herein shall be construed to prevent disclosure of Confidential

8    Information if such disclosure is required by law or by order of the Court.

9          (d)     Nothing herein is intended to prohibit or restrict in any way a party's or its

10   counsel's use or distribution of its own information.

11         (e)     This Amended Protective Order shall be without prejudice to the right of

12   any party to oppose production of any information for lack of relevance or any other ground other

13   than the mere presence of Confidential Information.  The existence of this Amended Protective

14   Order shall not be used by any party as a basis for discovery that is otherwise not proper under the

15   Federal Rules of Civil Procedure.

16         (f)     Nothing in this Amended Protective Order shall bar counsel from rendering

17   advice to their clients with respect to this litigation and, in the course thereof, relying upon any

18   information designated as Confidential Information, provided that the contents of the information

19   shall not be disclosed.

20         (g)     Nothing herein shall prejudice the right of any party to object to the

21   production of any Produced Material on the grounds that such material is protected as privileged

22   or as attorney work product.

23       **20.**   **Notice**

24   Transmission by e-mail or facsimile is acceptable for all notification purposes herein.

25       **21.**   **Modification of Amended Protective Order.**

26         (a)     The Parties may agree to move the Court to amend this Amended

27   Protective Order in the event that modifications become necessary during the course of the

28

1    litigation.  One or more Parties may move the Court to modify the Amended Protective Order if

2    an agreement on proposed modifications cannot be reached among all Parties.

3            (b)      The Court may modify the terms and conditions of this Amended

4    Protective Order for good cause, or in the interest of justice, or on its own order at any time in

5    these proceedings.  The Parties respectfully request that the Court provide them with notice of the

6    Court's intent to modify the Amended Protective Order and the content of those modifications,

7    prior to entry of such an order.

8         **22.    <u>Jurisdiction of the Court.</u>**

9            The Parties, all persons subject to discovery in these proceedings, and all persons who

10   receive Confidential Information pursuant to this Amended Protective Order, consent to and shall

11   be subject to the jurisdiction of this Court in any proceeding relating to performance under,

12   compliance with, or violation of this Amended Protective Order.  The Court hereby retains

13   jurisdiction to interpret and enforce this Amended Protective Order during the pendency of this

14   action and following dismissal, if any, and further retains jurisdiction to modify, amend or make

15   additions to this Amended Protective Order as it may from time to time deem appropriate.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:  July 7, 2010                         **DUANE MORRIS** LLP

2

3                                         By:        */s/ Matthew C. Gaudet*
                                                       Matthew C. Gaudet

4
                                              Richard L. Seabolt (S.B. #67469)
5                                             rlseabolt@duanemorris.com
                                              DUANE MORRIS LLP
6                                             Spear Tower, One Market Plaza, Suite 2200
                                              San Francisco, CA  94105-1127
7                                             Telephone::  415.957.3000
                                              Facsimile:  415.957.3001
8

9                                             L. Norwood Jameson (admitted *pro hac vice*)
                                              wjameson@duanemorris.com
10                                            Matthew C. Gaudet (admitted *pro hac vice*)
                                              mcgaudet@duanemorris.com
11                                            Stephanie A. Hansen (admitted *pro hac vice*)
                                              sahansen@duanemorris.com
12                                            DUANE MORRIS LLP
                                              1180 West Peachtree Street, Suite 700
13                                            Atlanta GA  30309-3448
                                              Telephone:  404.253.6900
14                                            Facsimile:  404.253.6901

15
                                              Thomas W. Sankey (admitted *pro hac vice*)
16                                            twsankey@duanemorris.com
                                              DUANE MORRIS LLP
17                                            3200 Southwest Freeway, Suite 3150
                                              Houston, TX  77027-7534
18                                            Telephone:  713.402.3900
                                              Facsimile:  713.402.3901
19

20                                            Brian McQuillen (admitted *pro hac vice*)
                                              bmcquillen@duanemorris.com
21                                            DUANE MORRIS LLP
                                              1540 Broadway
22                                            New York, NY 10036-4086
                                              Telephone:  212.692.1000
23                                            Facsimile:  212.692.1020

24
                                              Attorneys for Plaintiff
25                                            AFFINITY LABS OF TEXAS, LLC

26

27

28

CASE NO. C-09-04436-CW              - 25 -        STIPULATED AMENDED PROTECTIVE ORDER

1   Dated:  July 7, 2010          By:        _/s/ Darin J. Glasser_
                                                 Darin J. Glasser
2

3                                      GEORGE A. RILEY (S.B. #118304)
                                       griley@omm.com
4                                      O'MELVENY & MYERS LLP
                                       Two Embarcadero Center, 28th Floor
5                                      San Francisco, California  94111-3823
                                       Telephone:    (415) 984-8700
6                                      Facsimile:    (415) 984-8701

7                                      RYAN K. YAGURA (S.B. #197619)
                                       ryagura@omm.com
8                                      NICHOLAS J. WHILT (S.B. #247738)
                                       nwhilt@omm.com
9                                      O'MELVENY & MYERS LLP
                                       400 South Hope Street
10                                     Los Angeles, California  90071-2899
                                       Telephone:    (213) 430-6000
11                                     Facsimile:    (213) 430-6407

12                                     DARIN J. GLASSER (S.B. #223788)
                                       dglasser@omm.com
13                                     O'MELVENY & MYERS LLP
                                       610 Newport Center Drive
14                                     Newport Beach, California  92660
                                       Telephone:    (949) 760-9600
15                                     Facsimile:    (949) 823-6994

16
17                                     Attorneys for Defendant and Counterclaim-
                                       Plaintiff Apple Inc.
18

19

20

21   Entered on this 24th day of  May, 2011

22   **But see Local Rule 79-5.**

23                                     Hon. Claudia Wilken
                                       United States District Judge
24

25

26

27

28

1

2

3
**SIGNATURE ATTESTATION**

4

5
     I am the ECF User whose identification and password are being used to file the foregoing

6
**STIPULATED AMENDED PROTECTIVE ORDER**.  In compliance with General Order

7
45.X.B, I hereby attest that the other signatory has concurred in this filing.

8

9
Dated:   July 7, 2010

10
                                By:    */s/ Darin J. Glasser*

11
                                        DARIN J. GLASSER (S.B. #223788)

12
                                        dglasser@omm.com
                                        O'MELVENY & MYERS LLP

13
                                        610 Newport Center Drive
                                        Newport Beach, California  92660

14
                                        Telephone:   (949) 760-9600
                                        Facsimile:   (949) 823-6994

15

16
                                        Attorneys for Defendant and Counterclaim-
                                        Plaintiff Apple Inc.

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 09-4436-CW |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

AGREEMENT TO BE BOUND BY TERMS OF AMENDED PROTECTIVE ORDER

I, _____, declare and say that:

    1.    I am employed as_____, by

_____.

    2.    I have received and read and understand the Amended Protective Order entered in the above-captioned matters.

    3.    I agree to be bound by all the provisions of the Amended Protective Order.

    4.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Northern District of California with respect to enforcement of the Amended Protective Order.

    5.    I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Amended Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____